## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

**THELMA J. KABANA,**

                              **Plaintiff,**

v.                            Case No. _____

**UNITED STATES OF AMERICA,**

                              **Defendant.**

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW the Plaintiff, Thelma J. Kabana, by counsel, and for her Complaint against the Defendant, United States of America, states as follows:

### INTRODUCTION

1. This is an action for damages against the Defendant United States of America under the Federal Tort Claims Act (FTCA) (28 U.S.C. §§ 2671 et seq., and 28 U.S.C. § 1346 (b) (1)), for negligence in connection with an employee's and/or agent's careless, negligent maintenance, upkeep, and repair of a public concrete walkway at a pavilion located at the Fredericksburg & Spotsylvania National Military Park located at Spotsylvania Court House Battlefield, 9550 Grant Drive, Spotsylvania, Virginia 22553.

2. The claim for damages herein is brought against the United States under the FTCA for money damages as compensation for personal injuries caused to the Plaintiff by the Defendant's negligence.

3. Plaintiff Kabana has fully complied with the notice provisions of 28 U.S.C. § 2675 of the FTCA by way of a Standard Form 95, attached hereto as Ex. A.

4. This suit has been timely filed, in that Plaintiff Kabana timely served notice of her claim on the United States Department of the Interior within less than two years after the incident forming the basis of this Complaint.

5. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. § 2401 (b) after receiving the Department of the Interior's notice dated May 11, 2020, of its final denial of the administrative claim. (Final Denial Letter attached as Ex. B).

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Kabana is, and at all times relevant to this Complaint was, a resident of Fredericksburg, Spotsylvania County, Virginia.

7. Defendant United States of America, through its agency, the United States Department of the Interior, and by and through the National Park Service, was at all times relevant to this Complaint the owner and/or operator of the Fredericksburg & Spotsylvania National Military Park located at Spotsylvania Court House Battlefield, 9550 Grant Drive, Spotsylvania, Virginia, where the subject injury took place.

8. The incident giving rise to this Complaint took place on or about October 28, 2018, on a public sidewalk or walkway within the Fredericksburg & Spotsylvania National Military Park, an area owned, operated and maintained by the United States Department of the Interior as part of the national park system.

9. Jurisdiction is proper under 28 U.S.C. § 1346 (b) (1).

10. Venue is proper under 28 U.S.C. § 1402 (b) in that the incident giving rise to this Complaint occurred in the Eastern District of Virginia, Richmond Division.

## FACTUAL ALLEGATIONS

11. On or about October 28, 2018, at about 3:00 p.m., the Plaintiff Kabana was a lawful patron, visitor, and invitee at the Fredericksburg & Spotsylvania National Military Park owned, operated, and maintained by the United States Department of the Interior, and she was properly walking on a designated public concrete sidewalk or walkway at or near a pavilion within the national park.

12. At all times relevant to this Complaint, the sidewalk or walkway where this incident took place was under the control, care, and maintenance of the Department of the Interior through its agents, employees, and/or representatives.

13. At all times relevant to this Complaint, and as Plaintiff Kabana approached the pavilion from the parking lot, there was and is a concrete courtyard about twenty feet wide. The pavilion is about thirty-five feet away from the parking lot.

14. The courtyard paving consists of concrete flagstone sections about four feet square. The pavilion includes a three-sided enclosed area where the historic information placards are displayed, and the restrooms are located nearby. Under the front gable roof canopy of the open-air pavilion, there is a large battlefield map enclosed in a metal frame. The map edge is about four feet from the brick face of the display area of the pavilion.

15. Where the map display ends, there is a construction joint in the concrete courtyard paving, about four feet from the brick face of the enclosed area of the pavilion. The concrete paving on the pavilion side of the construction joint is depressed across the entire twenty foot width of the courtyard, and the concrete surface of the courtyard is all similar textures and shades of gray.

16. At all times relevant to this Complaint, there was a sudden, obscured drop-off in elevation between concrete slabs within a few feet of the map display, the difference in elevation being about 1.25 inches, or between one inch to one and one-half inches.

17. At all times relevant, there was a settlement crack from the corner of the brick face to the construction joint. Where they meet is the lowest point of depression along the construction joint in the concrete pavement.

18. At all times relevant, and as Plaintiff was facing the pavilion from the parking lot side, the concrete pavement to the right of the settlement crack at the beginning of the walkway to the restrooms is different from the balance of the courtyard paving.

19. On the date of this incident, Plaintiff Kabana parked her car in the parking lot and walked across the entrance courtyard toward the open-air pavilion. This was the first time she had visited this national park.

20. As Plaintiff walked in a normal manner by the large map display and began to turn toward the restrooms to her right, she unexpectedly stepped on the edge of the uneven drop-off of the concrete slab. When she stepped on this uneven drop in the concrete, only half of her foot was supported, causing her to lose her balance, fall and suffer significant injury, including a left ankle fracture that has required three surgeries in order to correct the bone fracture and/or alleviate pain and discomfort, as well as severe lumbar strain, and multiple bruises and contusions.

## CAUSE OF ACTION FOR NEGLIGENCE

21. At the aforementioned time and place, the United States Department of the Interior, by and through the National Park Service, and by and through its agents, employees, and/or representatives, negligently, carelessly, and with gross negligence operated and maintained the national military park, including its walkways and sidewalks, so as to create or allow to exist an

unreasonable, dangerous tripping or fall hazard on the premises in the form of the uneven, obscured, cracked, sunken, or otherwise dangerous concrete walkway.

22. At the aforementioned time and place, Ms. Kabana lost her balance and fell because of the sudden change in elevation at the construction joint between the two concrete slabs, and this hazard was not readily identifiable by a casual pedestrian such as Plaintiff.

23. The difference in elevation between the two slabs was about one inch to one and one-half inches, and had existed for an extended or sufficient period of time so that the United States Department of the Interior, through its agents, employees, or representatives knew or had reason to know of the existence of the tripping hazard owing to the change in elevation between the concrete slabs.

24. The color, texture and location of the change in elevation made the defect in the walkway inconspicuous in the larger environment and was an unexpected feature in this courtyard.

25. The concrete paving slabs at the Spotsylvania National Battlefield open-air pavilion and courtyard were unreasonably dangerous in a manner that caused Ms. Kabana to fall and be injured.

26. The concrete paving slabs were dangerous because they had settled or sunken in such a way as to cause or create an abrupt vertical change in elevation between two slabs, which amounted to a tripping or a falling hazard, and this defect was inconspicuous to casual pedestrians walking in this area and in the larger environment.

27. At all times relevant to this Complaint, the condition of the sidewalk/walkway was sufficiently dangerous that the United States Department of the Interior, through its agents, employees, or representatives, and in carrying out its duty of prevision or reasonable inspection,

knew or should have known of the defect/tripping hazard, and further had a duty to use at least reasonable care to correct or warn about the condition.

27. The inconspicuous, abrupt vertical change in elevation violated nationally recognized and accepted standards of reasonable care for safe walkways and property maintenance and was dangerous in a manner that caused Ms. Kabana to fall and be injured.

28. The United States Department of the Interior, by and through the National Park Service, and its agents, employees, or representatives, knew or reasonably should have known prior to Ms. Kabana's fall and injury that the inconspicuous, abrupt vertical change in elevation violated nationally recognized and accepted standards of care for safe walkways and property maintenance, and knew or reasonably should have known the condition should be repaired or corrected and/or that patrons should receive adequate, timely warnings about the condition.

29. The failure by the United States Department of the Interior either to have repaired or corrected this unreasonably dangerous condition, or to have provided adequate and effective warnings regarding its presence, constituted common law negligence under the law of Virginia and/or violated nationally recognized and accepted standards of care for safe walkways and property maintenance and caused Ms. Kabana to fall and be injured.

30. At all times relevant to this Complaint, the United States Department of the Interior (by and through the National Park Service and its agents, employees, or representatives) violated nationally recognized and accepted standards of reasonable care for providing reasonably safe walkways and property maintenance through their failure to provide adequate and effective warnings regarding the presence of this tripping or fall hazard, all of which contributed to cause Ms. Kabana to fall and be injured.

31. As a direct and proximate result of the negligent, careless, and grossly negligent actions and omissions of the United States Department of the Interior, by and through the National Park Service, and its employees, agents, or representatives, the Plaintiff Kabana has suffered and will suffer, and she has incurred and will incur, both in the past and in the future: (a) severe, serious and debilitating physical injuries (including, without limitation, permanent injuries) and effects on her health; (b) physical pain and mental anguish; (c) disfigurement, deformity, and associated humiliation and embarrassment; (d) inconvenience; (e) expenses for medical care and treatment and related expenses; and (f) loss or lessening of earning capacity.

32. The acts and/or omissions set forth above would constitute a claim for negligence under the law of the Commonwealth of Virginia.

33. The Defendant United States of America is liable pursuant to 28 U.S.C. § 1346 (b) (1).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Thelma J. Kabana, moves for judgment against the Defendant United States of America in the sum of SIX HUNDRED THOUSAND DOLLARS ($600,000.00) plus interest from October 28, 2018, pursuant to §8.01-382 of the Code of Virginia, (1950), as amended, and costs, together with such further and additional relief that this Court may deem proper.

**THELMA J. KABANA**

By: \_\_\_/s/_____
      Of Counsel

Bryan L. Meadows, Esquire
Virginia State Bar #66665
J. Penn Crawford, Esquire
Virginia State Bar #48202
Marks & Harrison, P.C.
5440 Jefferson Davis Highway
Fredericksburg, Virginia 22407
Telephone: 540-735-1378
Facsimile: 540-735-1377
bmeadows@marksandharrison.com
pcrawford@marksandharrison.com
*Counsel for Plaintiff*