IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THELMA J. KABANA,**

      **Plaintiff,**

v.    Civil Action No. 3:20cv781

**UNITED STATES OF AMERICA,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant United States of America's (the "United States") Motion to Dismiss (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 9.) Plaintiff Thelma J. Kabana responded to the Motion. (ECF No. 11.) Defendant did not reply, and the time to do so has expired.

This matter is ripe for adjudication. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] For the reasons stated below, the Court will grant the Motion, but will do so without prejudice.

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Kabana brings this action under the Federal Torts Claim Act (the "FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.*
 The FTCA states in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of all civil actions on claims against the United States . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

# I. Factual and Procedural Background

This action arises from injuries Kabana sustained on October 28, 2019 when she fell on a public concrete walkway during a visit to the Fredericksburg & Spotsylvania National Military Park (the "Park") in Spotsylvania, Virginia. (Compl. ¶¶ 1, 8, 11, 20.) In her Complaint, Kabana seeks compensation for her injuries under the FTCA,[3] alleging ordinary and gross negligence in connection with the United States' maintenance of the concrete walkway where she fell. (*Id.* ¶¶ 21–33.) On October 7, 2020, Kabana timely filed the Complaint after the May 11, 2020 denial of her administrative claim. (*Id.* ¶ 5.)

## A. Factual Allegations[4]

The United States owns and operates the Park through the National Park Service, an agency within the United States Department of the Interior ("DOI"). (Compl. ¶¶ 7, 11.) The Park offers visitors attractions and amenities, including "a concrete courtyard about twenty feet wide" underneath a pavilion. (*Id.* ¶ 13.) The pavilion provides restrooms, presents historical information, and displays a large map of the battlefield. (*Id.* ¶¶ 11, 13.)

---

28 U.S.C. § 1346(b)(1). The FTCA applies here because Kabana seeks money damages for personal injuries caused by a United States employee or agent's "negligent maintenance, upkeep, and repair of a public concrete walkway" on federal property located in Spotsylvania, Virginia. (Compl. ¶ 1, ECF No. 1.)

[3] The FTCA waives sovereign immunity, allowing plaintiffs to bring suits "only with respect to a certain category of claims," *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) (internal quotations omitted), including "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 1346(b); *see also Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). "The scope of this waiver is limited by . . . specific exceptions." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

[4] For the purpose of the Rule 12(b)(6) Motion to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

2

"The courtyard paving consists of concrete flagstone sections about four square feet" in size. (*Id.* ¶ 14.) "[T]he concrete surface of the courtyard is all similar textures and shades of gray." (*Id.* ¶ 15.) According to Kabana, a "construction joint" in the concrete pavement contains a depression, and two of the concrete flagstones meet at "the lowest point of depression." (*Id.* ¶¶ 15–16.) This created "a sudden, obscured drop-off in elevation between concrete slabs within a few feet of the map display, the difference in elevation being about 1.25 inches, or between one inch to one and one-half inches." (*Id.* ¶ 16.)

On October 28, 2018, at around 3:00 p.m., Kabana visited the Park for the first time. (*Id.* ¶¶ 11, 19.) As she "walked in a normal manner by the large map display," Kabana "unexpectedly stepped on the edge of the uneven drop-off of the concrete slab" so that "only half of her foot was supported, causing her to lose her balance, fall and suffer significant injury." (*Id.* ¶ 20.) Specifically, Kabana sustained "a left ankle fracture that has required three surgeries . . . as well as severe lumbar strain, and multiple bruises and contusions." (*Id.*) Kabana alleges that she "lost her balance and fell because of the sudden change in elevation at the construction joint between the two concrete slabs, and this hazard was not readily identifiable by a casual pedestrian such as" herself. (*Id.* ¶ 22.)

### B. Procedural Background

On March 13, 2020, Kabana submitted a Standard Form 95[5] to the National Park Service, seeking compensation for the injuries she sustained from the October 28, 2019 fall. (*See* Compl. Ex. 3 "DOI Letter" 1, ECF No. 1-3.) On May 11, 2020, the DOI notified Kabana that her claim had been denied. (*Id.*) In the notice, a DOI attorney informed Kabana that "the government is

---

[5] To properly present an administrative claim under the FTCA, a claimant must execute a "Standard Form 95 or other written notification of [the] incident." 28 C.F.R. § 14.2.

3

[not] legally responsible for [her] accident in accordance with the FTCA and Virginia law."⁶ (*Id.*) The notice apprised Kabana of her right to "file suit in an appropriate United States District Court" within "six (6) months after the date of mailing of this letter" if she felt "dissatisfied with this determination." (*Id.* 2.)

On October 6, 2020, five months after receiving the notice of denial, Kabana timely filed the instant Complaint. (ECF No. 1.) In the Complaint, Kabana brings a "Cause of Action for Negligence," alleging that the United States "negligently, carelessly, and with gross negligence operated and maintained [the Park] . . . so as to create or allow to exist an unreasonable, dangerous tripping or fall hazard on the premises in the form of the uneven, cracked, sunken, or otherwise dangerous concrete walkway." (Compl. ¶ 21.) Kabana seeks $600,000 of compensatory damages, plus interest, for the United States' negligence. (*Id.* 7.)

On December 11, 2020, the United States filed the Motion. (ECF No. 9.) In support of the Motion, the United States argues that the Virginia recreational land use statute, Va. Code § 29.1-509,⁷ bars Kabana's claim of ordinary negligence, and that she otherwise fails to state a

---

⁶ In this action brought under the FTCA, the Court must apply the law of the place "where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Cibula v. United States,* 551 F.3d 316, 319 (4th Cir. 2009). The Parties agree that Virginia law governs this matter. (*See* Mem. Supp. Mot. 4, ECF No. 10; Resp. 2, ECF No. 11.)

⁷ The Virginia recreational land use statute provides in pertinent part:

A landowner shall owe no duty of care to keep land or premises safe for entry or use by others for . . . sightseeing . . . [or] for any other recreational use . . . . No landowner shall be required to give any warning of hazardous conditions or uses of[ or] structures on . . . such land or premises to any person entering on the land or premises for such purposes, except as provided in subsection D.

. . .

Nothing contained in this section . . . shall limit the liability of a landowner which may otherwise arise or exist by reason of his gross negligence or willful or malicious failure to guard or warn against a dangerous condition, use, structure, or

4

claim of gross negligence. (Mem. Supp. Mot. 7.) Because of Kabana's failure to state a claim, the United States urges the Court to dismiss this action with prejudice. (*Id.*) On December 22, 2020, Kabana responded. (ECF No. 11.) The United States did not reply, and the time to do so has expired. For the reasons articulated below, the Court will grant the Motion and dismiss the Complaint, but will do so without prejudice.

## II. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a Complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the Complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

---

activity. The provisions of this section shall not limit the liability of a landowner which may otherwise arise or exist when the landowner receives a fee for use of the premises or to engage in any activity described in subsection[] B . . . .

Va. Code § 29.1-509(B) and (D).

5

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the Complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

### III. Analysis

Kabana does not plausibly state a claim under the FTCA because the Complaint does not allege facts that would allow the Court to reasonably infer the United States acted with gross negligence, as required by the Virginia recreational land use statute. Because the Court finds that the Virginia recreational land use statute applies to this matter and therefore exempts the United States from liability for ordinary negligence, Kabana must allege at least gross negligence. *See* Va. Code § 29.1-509(B) and (D). Kabana does not allege facts that would allow the Court to reasonably infer that the United States acted with gross negligence, meaning that the Court lacks jurisdiction to adjudicate the allegations in the Complaint under the FTCA. 28 U.S.C. § 1346(b)(1). The Court therefore must grant the Motion.

### A. The Virginia Recreational Land Use Statute Applies Because the United States Freely Permits Recreational Use of the Park

The Court will apply the Virginia recreational land use statute as the substantive law for Kabana's FTCA claim because the United States permits recreational use of the Park free of charge.

Virginia law provides the "source of substantive liability under the FTCA" in this case because the Court must apply the law of the place "where the act or omission occurred," 28 U.S.C. § 1346(b)(1), and the events at issue occurred in Virginia, *Meyer*, 510 U.S. at 478. Thus, "exclusive jurisdiction" under the FTCA depends on whether "the United States, if a private person, would be liable to [Kabana] in accordance with" Virginia law. 28 U.S.C. § 1346(b)(1); *see also Lutfi v. United States*, 527 F. App'x 236, 241–42 (4th Cir. 2013) ("There is no dispute that the jurisdictional and merits issues are 'inextricably intertwined' in this case, as the question of jurisdiction under the FTCA turns entirely on the question of whether the United States could be liable to [the claimant] under Virginia law." (citation omitted)).

Virginia, "like nearly every state, has adopted a recreational use statute protecting landowners who open their lands for public recreational use from liability for injuries." *Nelson v. United States*, 827 F.3d 927, 930 (10th Cir. 2016) (discussing Colorado law). Under the Virginia recreational land use statute, "a landowner who makes its property freely available to the public for recreational purposes, including 'sightseeing,' has no liability except for 'gross negligence or willful or malicious failure to guard or warn against a dangerous condition, use, or structure, or activity.'" *Lutfi*, 527 F. App'x at 240 (quoting Va. Code § 29.1-509(B) and (D)). "Sightseeing" in this context means "to go about seeing sights of interest" where "sight" means "a thing regarded as worth seeing." *Id.* at 244 (quoting *Webster's Third New International Dictionary* at 2114–15).

7

The Virginia recreational land use statute applies here. The United States permits recreational use of the Park; indeed, Kabana's "trip to the [Park] fits well within the parameters of the term 'sightseeing': [she] went to the [Park] to *see* a *sight* of interest"—the battlefield. *Id.* The United States also makes the Park freely available to the public, as "there is no fee to visit." (Mem. Supp. Mot. 2.) Because the United States operates the Park free of charge for public recreational use, the Virginial recreational land use statute applies as the substantive law under the FTCA.[8] *Lutfi*, 527 F. App'x at 240; Va. Code § 29.1-509(B) and (D).

### B. Because Kabana Fails to State a Claim of Gross Negligence Under Virginia Law, Her FTCA Claim Falters

Having determined the applicable substantive law, the Court next considers whether Kabana alleges facts sufficient to state a claim under the Virginia recreational land use statute— the necessary predicate for the Court to exercise jurisdiction over her FTCA claim. *See* 28 U.S.C. § 1346(b)(1); *Lutfi*, 527 F. App'x at 241–42. Kabana fails to allege gross negligence as a matter of law, so she does not plausibly state a violation of the Virginia recreational land use statute, depriving this Court of jurisdiction under the FTCA. 28 U.S.C. § 1346(b)(1). The Court therefore must grant the Motion and dismiss the Complaint, but it will do so without prejudice.

Under the Virginia recreational land use statute, Kabana "must establish that the United States was grossly negligent in order to prove [her] claim" under the FTCA. *Lutfi*, 527 F. App'x at 244. Virginia law defines gross negligence as "the utter disregard of prudence amounting to complete neglect of the safety of another. It is a heedless and palpable violation of legal duty respecting the rights of others which amounts to the absence of slight diligence, or the want of even scant care." *Volpe v. City of Lexington*, 708 S.E.2d 824, 828 (Va. 2011) (internal quotation

---

[8] Neither Party disputes the applicability of the Virginia recreational land use statute to this case. (*Cf.* Mem. Supp. Mot; Resp.)

8

marks and citations omitted). "Several acts of negligence which separately may not amount to gross negligence, when combined may have a cumulative effect showing a form of reckless or total disregard for another's safety." *Elliott v. Carter*, 791 S.E.2d 730, 732 (Va. 2016) (internal quotation marks and citation omitted). "Ordinarily, the question whether gross negligence has been established is a matter of fact to be decided by a jury." *Id.*

But "'[d]eliberate conduct is important evidence on the question of gross negligence,' and, in the absence of deliberate conduct, failure to address a hazard which is open and obvious constitutes, at most, simple negligence; and judgment as a matter of law is appropriate as to a claim for gross negligence." *Lutfi v. United States*, No. 1:09cv1114, 2011 WL 13141034, at *2 (E.D. Va. Apr. 22, 2011) (quoting *City of Lynchburg v. Brown*, 613 S.E.2d 407, 410 (Va. 2005)); *see also Brown*, 613 S.E.2d at 410–411 (discussing *Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987), which found no gross negligence as a matter of law when the hazard was open and obvious and there was no evidence of deliberate inaction on the part of the city); *also Knieriem v. United States*, No. 1:08cv261, 2008 WL 11375371, at *2 (E.D. Va. July 22, 2008) (finding no gross negligence as a matter of law when a visitor of a national park merely alleged that "she tripped . . . over a slight irregularity or hole which was no more than one inch deep" while she also failed to use installed crosswalks).

In *Lutfi*, this Court found that a visitor to a national memorial failed to state a claim of gross negligence because the Complaint did not allege any deliberate inaction. *Id.* *2–3. The visitor alleged gross negligence by the United States when it failed to properly light the memorial's parking lot and to adequately supervise its contractor responsible for clearing debris from the lot. *Id.* at *1. The Court, however, found "no evidence that the United States knew of such an ongoing problem and made a deliberate decision not to address the issue before

9

plaintiff's fall." *Id.* at *2. The visitor's unsupported contentions therefore failed to "satisfy [his] burden to present facts that would allow a reasonable fact finder to find that the United States made a deliberate decision not to repair a known hazard." *Id.* at *3.

Like the visitor in *Lutfi*, Kabana fails to state a claim of gross negligence as a matter of law. Kabana asserts that the United States "negligently, carelessly, and with gross negligence operated and maintained the [Park], including its walkways and sidewalks." (Compl. ¶ 21.) Kabana further alleges that "[t]he difference in elevation between the two slabs . . . had existed for an extended or sufficient period of time so that the United States . . . knew or had reason to know of the existence of the tripping hazard owing to the change in elevation between the concrete slabs."[9] (*Id.* ¶ 23.) Even presuming these allegations are true, they would not "allow a reasonable fact finder to find the United States made a *deliberate decision* not to repair a known hazard." *Lutfi*, 2011 WL 13141034, at *3 (emphasis added). Absent deliberate conduct, the United States' failure to address an open and obvious hazard—a one-inch elevation in a public walkway—"constitutes, at most, simple negligence." *Id.* at *2; *accord Brown*, 613 S.E.2d at 410–411; *Knieriem*, 2008 WL 11375371, at *2. Accordingly, disposition at the motion to dismiss stage "is appropriate as to [Kabana's] claim for gross negligence" under the Virginia recreational land use statute. *Lutfi*, 2011 WL 13141034, at *3.

As such, Kabana's FTCA claim—which turns on whether she alleges a violation of applicable Virginia law—must fail. *Lutfi*, 527 F. App'x at 241–42. Because Kabana does not allege facts sufficient to state a claim for gross negligence under the Virginia recreational land

---

[9] Kabana elsewhere contends that the difference in elevation between the two slabs "was inconspicuous to casual pedestrians walking in this area and in the larger environment." (Compl. ¶ 26.) These dissonant allegations—that the irregularity in the concrete was both so obvious "that the United States . . . knew or hard reason to know" of its existence, (*id.* ¶ 23), and that it was "inconspicuous to casual pedestrians," (*id.* ¶ 26)—cannot both be presumed true for purposes of this motion. But that observation does not alter the outcome of the motion at bar.

10

use statute, the applicable Virginia law in this case, her FTCA claim falters. Without a jurisdictional basis to hear the allegations in Kabana's pleadings, 28 U.S.C. § 1346(b)(1), the Court must dismiss the Complaint, but it will do so without prejudice.

### IV. Conclusion

For the foregoing reasons, the Court grants the Motion to Dismiss, (ECF No. 9), and dismisses the Complaint, (ECF No. 1), without prejudice.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/17/21
Richmond, Virginia