IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THELMA J. KABANA,

       **Plaintiff,**

v.                                           **Civil Action No. 3:20cv781**

UNITED STATES OF AMERICA,

       **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Thelma J. Kabana's Motion to Alter or Amend Judgment (the "Motion to Alter"). (ECF No. 27.) Defendant the United States of America (the "United States") filed its Opposition to Plaintiff's Motion to Amend or Alter Judgment. (ECF No. 29.) Kabana did not reply. Accordingly, this matter is fully briefed and ripe for disposition.

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[1] For the reasons stated below, the Court will deny the Motion to Alter.

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Kabana brings this action under the Federal Torts Claim Act (the "FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.*
    The FTCA states, in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States[] for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## I. Background

On March 13, 2020, Kabana submitted a Standard Form 95[2] to the National Park Service,

seeking compensation for injuries she sustained on October 28, 2019. (*See* ECF No. 14-1, at 1.)

On that day, she fell on a public concrete walkway during a visit to the Fredericksburg &

Spotsylvania National Military Park (the "Park") in Spotsylvania, Virginia. (*See* ECF No. 14-1,

at 1.) On May 11, 2020, the Department of Interior (the "DOI") notified Kabana that her claim

had been denied. (ECF No. 14-2, at 1.) In the notice, a DOI attorney informed Kabana that "the

government is [not] legally responsible for [her] accident in accordance with the FTCA[3] and

Virginia law."[4] (ECF No. 14-2, at 1.) The notice apprised Kabana of her right to "file suit in an

appropriate United States District Court" within "six (6) months after the date of mailing of this

letter" if she felt "dissatisfied with this determination." (ECF No. 14-2, at 2.)

On October 6, 2020, five months after receiving the notice of denial, Kabana timely filed

her initial Complaint. (ECF No. 1.) On December 11, 2020, the United States filed a Motion to

---

28 U.S.C. § 1346(b)(1). The FTCA applies here because Kabana seeks money damages for personal injuries caused by a United States employee or agent's gross negligence in maintaining a public walkway on federal property located in Spotsylvania, Virginia. (ECF No. 14 ¶ 23.)

[2] To present an administrative claim properly under the FTCA, a claimant must execute a "Standard Form 95 or other written notification of [the] incident." 28 C.F.R. § 14.2(a).

[3] The FTCA waives sovereign immunity, allowing plaintiffs to bring suits "only with respect to a certain category of claims," *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) (internal quotations omitted), including "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 1346(b); *see also Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). "The scope of this waiver is limited by . . . specific exceptions." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

[4] In this action brought under the FTCA, the Court must apply the law of the place "where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Cibula v. United States,* 551 F.3d 316, 319 (4th Cir. 2009). The parties agree that Virginia law governs this matter. (*See* ECF No. 16 at 2; ECF No. 17 at 2.)

Dismiss for failure to state a claim (the "First Motion to Dismiss").  (ECF No. 9.)  In support of

its First Motion to Dismiss, the United States argued that the Virginia recreational land use

statute, Va. Code § 29.1-509,[5] (the "VRUS") barred Kabana's claim of ordinary negligence, and

that she otherwise failed to state a claim of gross negligence.  (ECF No. 10, at 4–6.)

On May 17, 2021, the Court granted the United States' First Motion to Dismiss without

prejudice.  (ECF No. 13.)  As explained in the Memorandum Opinion accompanying its May 17,

2021 Order, the Court dismissed Kabana's initial Complaint because she did "not allege facts

that would allow the Court to reasonably infer the United States acted with gross negligence," as

required by the Virginia recreational land use statute, which was the necessary predicate for the

Court to exercise jurisdiction over her FTCA Claim.[6]  (ECF No. 12, at 6.)

---

[5] Neither party disputes, and the Court earlier found, (ECF No. 12, at 6), that the Virginia
recreational land use statute governs this action.  That statute provides in pertinent part:

> A landowner shall owe no duty of care to keep land or premises safe for entry or
> use by others for . . . sightseeing . . . [or] for any other recreational use . . . . No
> landowner shall be required to give any warning of hazardous conditions or uses of
> [or] structures on . . . such land or premises to any person entering on the land or
> premises for such purposes, except as provided in subsection D.
>
> . . .
>
> Nothing contained in this section . . . shall limit the liability of a landowner which
> may otherwise arise or exist by reason of his gross negligence or willful or
> malicious failure to guard or warn against a dangerous condition, use, structure, or
> activity. The provisions of this section shall not limit the liability of a landowner
> which may otherwise arise or exist when the landowner receives a fee for use of
> the premises or to engage in any activity described in subsection[] B . . . .

Va. Code § 29.1–509(B) and (D).

[6] As the Court explained:

> Virginia law provides the "source of substantive liability under the FTCA" in this
> case because the Court must apply the law of the place "where the act or omission
> occurred," 28 U.S.C. § 1346(b)(l), and the events at issue occurred in Virginia,
> *Meyer,* 510 U.S. at 478.  Thus, "exclusive jurisdiction" under the FTCA depends

3

On May 28, 2021, Kabana filed her Amended Complaint.  (ECF No. 14.)  In the

Amended Complaint, Kabana brought a single count for gross negligence, alleging that the

United States' "operation and maintenance of the national military park . . . create[d] or allow[ed

the existence of] an unreasonable, dangerous tripping or fall hazard on the premises in the form

of the uneven, obscured, cracked, sunken, or otherwise dangerous concrete walkway for an

extended and lengthy period of time."  (ECF No. 14 ¶ 23.)  Kabana sought $600,000 of

compensatory damages, plus interest, for the United States's gross negligence.  (ECF No. 14,

at 9.)  On June 11, 2021, the United States filed its Second Motion to Dismiss.  (ECF No. 15.)

On March 31, 2022, the Court granted the United States' Second Motion to Dismiss, with

prejudice.  (ECF No. 26.)  As explained in the Memorandum Opinion accompanying its March

31, 2022 Order, the Court dismissed Kabana's Amended Complaint because, "even read[ing her

Amended Complaint] favorably, treat[ing it] as true, and consider[ing it] alongside the

photographic evidence," Kabana did "not allege facts . . . that would enable the Court to

reasonably infer that the United States acted with *gross* negligence in not repairing, or painting

with a yellow color, or otherwise warning visitors about the concrete walkway."  (ECF No. 25,

at 7–8 (emphasis in original).)

On April 25, 2022, Kabana timely filed her Motion to Alter pursuant to Federal Rule of

Civil Procedure 59(e).  (ECF No. 27.)  In the Motion to Alter, Kabana seeks alteration of the

---

on whether "the United States, if a private person, would be liable to [Kabana] in
accordance with" Virginia law.  28 U.S.C.§ 1346(b)(l); *see also Lutfi v. United
States,* 527 F. App'x 236, 241–42 (4th Cir. 2013) ("There is no dispute that the
jurisdictional and merits issues are 'inextricably intertwined' in this case, as the
question of jurisdiction under the FTCA turns entirely on the question of whether
the United States could be liable to [the claimant] under Virginia law." (citation
omitted)).

(ECF No. 12, at 7.)

Court's March 31, 2022 Order granting the United States' Second Motion to Dismiss.  (ECF No. 26.)  Specifically, she contends that "the Court misapprehended Virginia law on gross negligence and/or misapplied [the] law to the facts of [the] case, [thus depriving Kabana] of her fundamental right to have a jury of her peers decide her claim."  (ECF No. 27 ¶ 6.)  The Court now considers this pending Motion.

## II.  Standard of Review:  Rule 59(e)

Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted) (referencing Fed. R. Civ. P. 59(e)).  A "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).  That is, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion . . . ." *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403).  Indeed, Rule 59(e) does not "give an unhappy litigant [an] additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the [c]ourt's opinion," and thus that the court had no proper basis to alter or amend its previous order).  Instead, "the purpose of [a] Rule 59(e) motion is to allow a district court to correct its own errors, sparing the parties and the

appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or[,] (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (internal citations omitted).

### III. Analysis

Kabana has not alleged facts or cited case law that enables this Court to conclude that a proper basis to alter or amend its previous order exists. Specifically, she fails to satisfy any of the three grounds for relief pursuant to Rule 59(e) as identified by the Fourth Circuit. *See Hutchinson*, 994 F.2d at 1081. She asserts neither of the first two grounds for relief: an intervening change in controlling law or new evidence. Kabana also falters in her attempt to satisfy the third ground. She does not demonstrate the need to correct a clear error of law, nor does she articulate a claim of manifest injustice. Accordingly, the Court will deny the Motion to Alter.

In the Motion to Alter, Kabana challenges the Court's finding that she failed to allege gross negligence as required to impose liability on the United States under the FTCA and VRUS. Specifically, Kabana avers (1) that the Court committed a clear error law by misapprehending or misapplying controlling precedent; and, (2) that the Court created manifest injustice by precluding her from having her claim decided by a jury of her peers. (ECF No. 28, at 10.) The crux of Plaintiff's argument is her own contention that a reasonable person *could* conclude that Defendant's conduct was grossly negligent. The Court will consider each argument in turn.

First, while Kabana argues that "the Court misapprehended Virginia law [regarding] gross negligence and/or misapplies that law to the facts of this case," (ECF No. 27 ¶ 6), she fails to establish a "clear error of law," *Hutchinson*, 994 F.2d at 1081. As in her Complaint and Amended Complaint, (ECF Nos. 1, 14), Kabana again contends that a reasonable person could conclude that Defendant's conduct was grossly negligent. (ECF No. 28 at 5–6.) The Court already heard this argument. Indeed, the Court provided Kabana with a second opportunity to cure her error, yet, Kabana has repeatedly failed to provide a plausible claim for gross negligence. Even now, she offers no authority in Virginia law to support her contention that a sidewalk crack measuring one inch to one and one-half inch constitutes gross negligence in Virginia. The Court will not address this argument again. *See Pac. Ins. Co.*, 148 F.3d at 403 ("The Rule 59(e) motion may not be used to relitigate old matters."). Although Kabana disagrees with the Court's March 31, 2022 Opinion, (ECF No. 25), her Motion to Alter fails to show a need to "correct a clear error of law." *Hutchinson*, 994 F.2d at 1081. Therefore, Kabana cannot qualify for relief under Rule 59(e).

Second, having found no error of law, the Court turns to whether Kabana establishes manifest injustice. Kabana avers that the Court's ruling constitutes manifest injustice as it "precludes Plaintiff from having her claim decided by a jury of her peers." (ECF No. 28, at 10.) Kabana repeatedly argues that, to the extent a set of facts could establish gross negligence, the Court should allow a jury of her peers to find these facts. However, Kabana is not entitled to a jury trial for her tort claims against the United States. In fact, 28 U.S.C. § 2402 expressly bars jury trials for tort actions brought against the United States;[7] *see also* 32 C.F.R § 750.32 ("There is no right to trial by jury in suits brought under the FTCA."). On this topic, the Supreme Court

---

[7] In relevant part, 28 U.S.C. § 2402 provides that "any action against the United States under section 1346 shall be tried by the court without a jury."

has observed that "[w]hen Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial," and "in tort actions against the United States, . . . Congress has . . . provided that trials shall be to the court without a jury." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (internal citations omitted). As such, Kabana's insistence that her preclusion from a jury trial amounts to manifest injustice must fail. A FTCA matter may proceed only as a bench trial with the Court serving as the fact finder.

In sum, Kabana fails to meet any of the grounds for relief under Rule 59(e). Thus, the Court will deny the Motion to Alter.

## IV. Conclusion

For the foregoing reasons, the Court will deny Kabana's Motion to Alter. (ECF No. 27.)

An appropriate Order shall issue.

Date: 12/19/22
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

8